USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

 ____________________

No. 97-2211

 LOCAL 254, SERVICE EMPLOYEES
 INTERNATIONAL UNION, AFL-CIO,

 Petitioner, Cross-Respondent,

 v.

 NATIONAL LABOR RELATIONS BOARD,

 Respondent, Cross-Petitioner.

 ____________________

 ON PETITION FOR REVIEW OF AN ORDER

 OF THE NATIONAL LABOR RELATIONS BOARD

 ____________________

 Before

 Stahl, Circuit Judge,

 Cyr, Senior Circuit Judge,

 and Lynch, Circuit Judge.

 ____________________

 John D. Burke, with whom Gabriel O. Dumont, Jr. and Law Office
of Gabriel Dumont were on brief, for petitioner.
 Daniel J. Michalski, Attorney, with whom Fred L. Cornnell,
Supervisory Attorney, Frederick L. Feinstein, Acting General
Counsel, Linda Sher, Associate General Counsel, and Aileen A.
Armstrong, Deputy Associate General Counsel, were on brief, for
respondent.

 ____________________
 May 11, 1998

 ____________________ Per Curiam. Local 254, Service Employees International
 Union, AFL-CIO ("the Union") petitions this court for review of
 a NLRB decision finding that the Union engaged in unfair labor
 practices, in violation of the "secondary boycott" provisions
 of the NLRA, 29 U.S.C. 158(b)(4)(ii)(B). The Union's sole
 argument on appeal is that the Board erred in concluding that
 Massachusetts Bay Community College was not a "joint employer"
 of certain cleaning workers who were directly employed by Aid
 Maintenance Co., Inc., and that the Union's picketing and other
 activities at the College therefore did not constitute unlawful
 "secondary" activity.
 We do not agree. The question whether the College was a
 "joint employer" of the Aid Maintenance cleaners is a factual
 one. See Holyoke Visiting Nurses Ass'n v. NLRB, 11 F.3d 302,
 306 (1st Cir. 1993). Having carefully reviewed the record and
 the parties' submissions, we conclude that the ALJ's decision
 on this factual issue, as adopted by the Board, is supported by
 substantial evidence on the record considered as a whole. The
 Board's order as it pertains to the Aid Maintenance case is,
 therefore, entitled to be enforced.
 We note, additionally, that this matter originally
 involved two sets of unfair labor practice charges, one filed
 by Aid Maintenance and the other by Women and Infants Hospital. 
 The Union has not petitioned for review of the Board's decision
 as to the charges filed by the Hospital. Thus, the Board is
 also entitled to enforcement of its order as it pertains to the
 Hospital's case.
 For the reasons stated, the Union's petition is denied,
 and the Board's cross-application for summary enforcement is
 granted.
 
 So Ordered.